**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| ARROW ELECTRONICS, INC., ) | |
| 50 Marcus Drive ) | CASE NO. _____ |
| Melville, New York 11747-4210, ) | |
| ) | JUDGE _____ |
| ARROW ENTERPRISE COMPUTING ) | |
| SOLUTIONS, INC. ) | |
| 7459 South Lima Street ) | |
| Englewood, Colorado 80112, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| ATTEVO, INC. ) | |
| c/o C. David Snyder, Registered Agent ) | |
| 1375 East 9th St., Suite 2500 ) | |
| Cleveland, Ohio 44114, ) | |
| ) | |
| C. DAVID SNYDER ) | |
| 17216 Edgewater Drive ) | |
| Lakewood, Ohio 44107 ) | |
| ) | |
| DOES 1 - 10 ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT FOR BREACH OF CONTRACT, ACTUAL FRAUD, CONSTRUCTIVE FRAUD, UNJUST ENRICHMENT, CONVERSION, PUNITIVE DAMAGES FOR OTHER RELIEF**

Plaintiffs, Arrow Electronics, Inc., and its subsidiary and/or affiliate, Arrow Enterprise Computing Solutions, Inc. (collectively, "**Plaintiffs**") for its Complaint against Defendants Attevo, Inc., C. David Snyder, and DOES 1 through 10 (collectively, the "**Defendants**") allege as follows:

## PARTIES

1. Arrow Electronics, Inc. ("**Arrow Electronics**") is a New York Corporation with its principal place of business at 50 Marcus Drive, Melville, NY 11747-4210 along with offices throughout the United States.

2. Arrow Enterprise Computing Solutions, Inc. ("**Arrow Enterprise**") is a Delaware Corporation and a subsidiary and/or an affiliate of Arrow Electronics, Inc., with its principal place of business at 7459 South Lima Street, Englewood, CO 80112 (together, Arrow Electronics and Arrow Enterprise are referred to as "**Arrow**").

3. Attevo, Inc. ("**Attevo**") is a corporation organized under the laws of the State of Ohio whose principal place of business is located at 1375 East 9th St., Suite 2500, Cleveland, Ohio 44114.

4. C. David Snyder ("**Snyder**"), an individual, is the President and Chief Executive Officer of Attevo, whose current residence address in unknown, and whose business address is located at 1375 East 9th St., Suite 2500, Cleveland, Ohio 44114.

5. Plaintiff is ignorant of the true names and capacities, whether corporate, associate, individual or otherwise, of defendants sued herein as DOES 1 to 10, inclusive, and Plaintiffs therefore sue said Defendants by such fictitious names. Each of the Defendants designated herein as DOE is responsible in some manner for the events and happenings herein referred to, and proximately caused the injuries and damages to Plaintiffs, in a manner hereinafter alleged. Plaintiffs

will ask leave of court to amend this Complaint to show their true names and capacities when the same have been ascertained.

## JURISDICTION AND VENUE

6. The amount in controversy in this proceeding, plus interest and costs, exceeds the sum of $75,000.00.

7. Jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C § 1391.

## FACTUAL BACKGROUND

### Introduction

8. Arrow is a global provider of products, services and solutions to industrial and commercial users of electronics components and enterprise computing solutions.

9. Attevo is a global business and information technology consulting firm. Attevo acts as a "reseller" of technology related products, procuring products as required by the particular contract and generating an invoice payable from the contracting party to Attevo.

10. Arrow and Attevo engage in business whereby Arrow, as a distributor, sells products to Attevo pursuant to purchase orders submitted. Attevo as the reseller would then sell the products to end user(s) ("**Customer(s)**").

## Escrow Agreement

11. On or about August 31, 2010, Arrow entered into an Escrow Agreement (the "**Escrow Agreement**") with Attevo. A true and correct copy of the Escrow Agreement is attached hereto as Exhibit A.

12. Attevo executed the Escrow Agreement in order to induce Arrow to deliver product to Attevo's customer, Cleveland Clinic (the "**Clinic**") pursuant to specific purchase orders.

13. Snyder had knowledge of, and caused Attevo to agree to, the terms and conditions contained in the Escrow Agreement.

14. Pursuant to the Escrow Agreement, Attevo agreed that all sums payable by the Clinic (the "**Assigned Funds**") were to be paid directly to an escrow account (the "**Lockbox**") and held by the Treasury Department of Arrow, which served as the escrow agent for the transactions (the "**Escrow Agent**").

15. Attevo agreed to instruct the Clinic, and specify on its invoices to the Clinic, that the Clinic was to remit all payments directly to the Lockbox address:

> P.O. Box 18803
> Newark, NJ 07191-8803

16. Pursuant to the Escrow Agreement, any check or other payable instrument delivered to the Escrow Agent may be negotiated by the Escrow Agent. It was agreed that the Escrow Agent would hold the proceeds in an escrow account for the benefit of Arrow and Attevo. Upon Arrow's delivery of the product specified in the purchase orders and issuance of an invoice for such products, Attevo agreed

to execute and deliver to the Escrow Agent written instructions, in the form agreed upon, to pay Arrow. The remainder of the escrow funds after payment of Arrow's invoices was to be distributed to Attevo.

17. Pursuant to the Escrow Agreement, the Assigned Funds are the property of Arrow. Attevo agreed that if Attevo received checks from the Clinic, Attevo would immediately forward said checks to the Lockbox or if the funds were directly deposited into Attevo's bank account, Attevo would make payment to Arrow within 24 hours. The Escrow Agreement provided that the failure to abide the terms of the Escrow Agreement, including instructing the customer to pay other than into the Lockbox, constituted misappropriation and fraudulent activity.

18. Approximately 90 days after executing the Escrow Agreement, on or about December 9, 2010, Attevo, Snyder and DOES 1-10 (collectively, "**Defendants**") instructed the Clinic to make payment directly to Attevo and/or Snyder or they received payments of the Assigned Funds from the Clinic. Defendants diverted and misappropriated these funds and did not remit these funds to Arrow. By doing so, Defendants diverted and misappropriated the amount of $68,978.04, which is the rightful property of Arrow. The invoices which show the amounts which were diverted and misappropriated are attached hereto as Exhibit B.

## Term Account

19. On or about May 29, 2009, Arrow and Attevo entered into an agreement for the purchase of computer and electrical components wherein Attevo

5

agreed to payment terms of net 30 days (the "**Term Account**"). A copy of the Term Account is attached hereto as Exhibit C.

20. Pursuant to the Term Account, Attevo submitted purchase orders and Arrow shipped said products to Attevo's Customers.

21. Pursuant to the Term Account, Attevo was to remit payment to Arrow for the products delivered and received.

22. Attevo failed to remit payment in the amount of $83,165.24 for the products delivered and received. The invoices which show the amounts which are currently unpaid are attached hereto as Exhibit D.

## COUNT I
### (Breach of Contract - Escrow Agreement)

23. Arrow incorporates by reference herein all of the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

24. Arrow has performed all of its applicable obligations under the Escrow Agreement.

25. Pursuant to the Escrow Agreement, Attevo was required to instruct the Clinic, and specify on its invoices to the Clinic, to remit all payments directly to Arrow.

26. Attevo has breached the Escrow Agreement by either instructing the Clinic to remit payment directly to Attevo (or others) or by receiving payments from the Clinic directly and failing to remit said payments to Arrow.

27. Attevo has refused and continues to refuse to pay said sums to Arrow.

6

28. Arrow has and will continue to suffer damages as a direct and proximate cause of Attevo's breach in the amount of $68,978.04, plus interest, attorney's fees, costs and expenses.

## COUNT II
### (Breach of Contract on the Term Account)

29. On or about May 29, 2009, Arrow and Attevo entered into an agreement for the purchase of computer and electrical components in which Attevo agreed to payment terms of net 30 days. Attevo submitted purchase orders and Arrow shipped said products to Attevo's Customers.

30. Arrow has duly performed all of the conditions and/or its obligations under the terms of the Term Account, except for the conditions and/or obligations the Plaintiff was prevented or excused from performing.

31. On or about May 12, 2011, Attevo breached said agreement by failing to remit the sum of $83,165.24 for the products delivered and received.

32. Although Arrow has made a demand upon Defendants to pay the amount due and owing to Arrow, Attevo has failed and refused to pay, and continues to fail and refuse to pay, Arrow.

33. As a direct and proximate result of Attevo's wrongful and unlawful conduct, as described above, Arrow has sustained damages, in a sum of at least $83,165.24, plus interest, attorney's fees, costs and expenses.

## COUNT III
### (Actual Fraud)

34. Arrow incorporates by reference herein all of the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

35. Defendants made, and/or caused to made, false representations to Arrow in connection with the Escrow Agreement. Defendants represented, promised and agreed to instruct the Clinic to make all payments directly to the Lockbox and to include specific language on each invoice submitted to the Customer. Defendants represented, promised and agreed to use reasonable diligence to obtain payment from the Clinic and to ensure that the proceeds were delivered directly and promptly to Arrow. Further, Defendants promised not to deposit the proceeds in their bank accounts. Defendants further represented that if they did receive any Assigned Funds which were the property of Arrow, they would immediately forward the said funds to the Lockbox or remit payment to Arrow within 24 hours.

36. When making these representations, Defendants had no intention of keeping their promises. Defendants' representations were made with an existing mental attitude and present intent to fraudulently induce Arrow into entering into the Escrow Agreement.

37. The Defendants' representations were falsely made and involved facts material to establishment of the Escrow Agreement.

38. Defendants' false representations were made intentionally and knowingly.

39. Defendants' false representations were intended to mislead and defraud Arrow.

40. Snyder knew of, participated in and directed the other Defendants in the making of the representations promises and agreements which formed the inducement to Arrow to enter into the Escrow Agreement. Snyder had no intention of honoring any of the promises, agreements or representations made in the Escrow Agreement and on August 31, 2010, had a present intent and mental attitude to fraudulently induce Arrow to enter into the Escrow Agreement to benefit Attevo, DOES 1-10 and himself.

41. Arrow at all times reasonably relied upon Defendants' false representations promises and agreements and continued to sell merchandise pursuant to the specific purchase orders submitted.

42. All of Defendants' conduct occurred with the knowledge that their conduct would result, and did result, in "misappropriation and fraudulent activity" as is specifically described in the Escrow Agreement.

43. As a result of the actual fraud by Defendants, Arrow has suffered damages in the amount of $68,978.04, plus interest, attorney's fees, costs and expenses.

## COUNT IV
### (Constructive Fraud)

44. Arrow incorporates by reference herein all of the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

45. Each of the Defendants had a special confidential relationship and/or a relationship of trust and/or a fiduciary relationship with Arrow.

46. Each of the Defendants knew that the circumstances of the transaction would give rise to a duty not to take undue advantage of Arrow or exercise undue influence over the transaction.

47. Each of the Defendants used (i) the circumstances of the transaction and (ii) the special confidential relationship, relationship of trust and/or a fiduciary relationship with Arrow to engage in inequitable and fraudulent activity.

48. As a result of the constructive fraud by Defendants, Arrow has suffered damages in the amount of $68,978.04, exclusive interest, attorney's fees, costs and expenses.

## COUNT V
### (Unjust Enrichment)

49. Arrow incorporates by reference herein all of the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

50. Arrow has fully performed under the Escrow Agreement and Term Account.

51. As a result of Defendants' failure to pay the amounts due under the Escrow Agreement and Term Account, Snyder and DOES 1-10 have been unjustly enriched in the amount of at least $68,978.04.

52. As a result of the unjust enrichment of Snyder and DOES 1-10, Arrow has been damaged in the amount of at least $68,978.04, plus interest, attorney's fees, costs and expenses.

## COUNT VI
### (Conversion)

53. Arrow incorporates by reference herein all of the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

54. Defendants have breached the Escrow Agreement by failing to instruct Customers to remit payment directly to the Lockbox as set forth in paragraph 4 of the Escrow Agreement and instead instructed the Clinic to remit payment directly to Defendants.

55. Defendants have converted the Assigned Funds, which are the sole property of Arrow, and have illegally retained these funds for their own use and benefit in the total amount of $68,978.04, plus interest, attorney's fees, costs and expenses.

56. Arrow demanded that Defendants return said funds to them. Defendants have refused to return said funds to Arrow and have knowingly and intentionally retained said funds thereby converting them for their own use and benefit.

57. As a direct and proximate result of Attevo's wrongful and unlawful conduct, as described above, Arrow has sustained damages, in a sum of at least $68,978.04, plus interest, attorney's fees, costs and expenses.

## COUNT VII
**(Punitive Damages)**

58.     Arrow incorporates by reference herein all of the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

59.     Defendants' actions recounted in this Complaint were egregious, outrageous, malicious and intentional, and caused significant loss to Arrow.

60.     Arrow is entitled to recovery against each of the Defendants for exemplary or punitive damages.

**WHEREFORE,** Plaintiffs demand judgment on all claims against Defendants and prays for the following:

- As to Count I, against Attevo, for compensatory damages in the amount of $68,978.04;

- As to Count II, against Attevo, for compensatory damages in the amount of $83,165.24;

- As to Count III, against Attevo, Snyder and DOES 1-10, jointly and severally, for compensatory damages in the amount of 68,978.04;

- As to Count IV, against Attevo, Snyder and DOES 1-10, jointly and severally, for return of its property in the amount of 68,978.04;

- As to Count V, against Snyder and DOES 1-10, jointly and severally, for compensatory damages in the amount of $152,143.28;

- As to Count VI, against Attevo, Snyder, and DOES 1-10, jointly and severally, for compensatory damages in the amount of $68,978.04;

- As to Count VII, against Attevo, Snyder and DOES 1-10, jointly and severally, for punitive damages in an amount this Court may determine;
- As to all Counts, against Attevo, Snyder and DOES 1-10, jointly and severally, for an award of applicable interest and all costs and expenses, including attorney's fees, incurred by Arrow as a result of the filing of this action; and
- Such other and further relief this Court may deem appropriate in law or equity.

Respectfully Submitted,

KOHRMAN JACKSON & KRANTZ P.L.L.

/s/ *Mary K. Whitmer*
Mary K. Whitmer (0018213)
Justine L. Konicki (0086277)
1375 E. Ninth Street
One Cleveland Center, 20th Floor
Cleveland, OH 44114
Telephone: (216) 736-7255
Facsimile: (216)-621-6536
Email: mkw@kjk.com; jlk@kjk.com

*Counsel for Plaintiffs Arrow Electronics, Inc. and Arrow Enterprise Computing Solutions, Inc.*


GALEN & DAVIS LLP

Jeffrey M. Galen, Esq.
16255 Ventura Blvd., Suite 440
Encino, CA 91436
Telephone: 818-986-5685
Facsimile: 818-986-1859

*Out of State Counsel for Plaintiffs Arrow Electronics, Inc. and Arrow Enterprise Computing Solutions, Inc.*